1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10  MICHAEL CRAIG,                                Case No. 1:15-cv-00182-LJO-SKO (PC)

11              Plaintiff,                       ORDER REQUIRING PLAINTIFF TO FILE
                                                 NOTICE REGARDING SEPARATE
12       v.                                      COMPLAINT INCLUDED WITH EXHIBITS

13  P. WHITLEY, et al.,                          (Doc. 1)

14              Defendants.                      FINDINGS AND RECOMMENDATIONS
                                                 RECOMMENDING ACTION BE
15                                               DISMISSED, WITH PREJUDICE, FOR
                                                 FAILURE TO STATE ANY CLAIMS
16                                               UNDER SECTION 1983

17                                               (Doc. 1)

18                                               THIRTY-DAY DEADLINE

19  _____/

20  **I.      Screening Requirement and Standard**

21          Plaintiff Michael Craig ("Plaintiff"), a state prisoner proceeding pro se and in forma

22  pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 14, 2015.   The

23  Court is required to screen complaints brought by prisoners seeking relief against a governmental

24  entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must

25  dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

26  or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary

27  relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1), (2).

28  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3          A complaint must contain "a short and plain statement of the claim showing that the

4   pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

5   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6   conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

7   (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and

8   courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

9   F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual

10  allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

11         Under section 1983, Plaintiff must demonstrate that each defendant personally participated

12  in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This

13  requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*,

14  556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners

15  proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and

16  to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

17  (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the

18  plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

19  **II.    Discussion**

20          **A.    Summary of Allegations**

21          Plaintiff, an inmate currently at California Substance Abuse Treatment Facility and State

22  Prison, brings this action against Correctional Officer P. Whitley and Lieutenant M. A. Smith for

23  violating his constitutional rights at California State Prison-Corcoran.[1] Plaintiff's claims arise out

24  of the confiscation of his Sony CD player on January 22, 2014. Plaintiff alleges that Defendant

25  Whitley illegally searched his cell when he was out of the building and then illegally confiscated

26

27  [1] Plaintiff's inclusion of other defendants is confusing, as is his inclusion of another complaint form and a complaint filed in state court. These issues are addressed further in subsection E. Only Defendants Whitley and Smith are

28  linked to Plaintiff's claims arising from the cell search and property confiscation at issue in the operative complaint in this case.

his CD player.  Defendant Whitley denied searching Plaintiff's cell or confiscating his CD player, and Plaintiff's inmate appeal was denied at all three levels of review.  Plaintiff alleges that the cell search, property confiscation, and denial of his appeals violated his rights.

**B.**     **Cell Search**

A prisoner has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures."  *Hudson v. Palmer*, 468 U.S. 517, 536, 104 S.Ct. 3194 (1984).  Therefore, Plaintiff's claim that his cell was illegally searched fails as a matter of law.

**C.**     **Property Confiscation**

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  However, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).  Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the illegal confiscation of his CD player.  *Barnett*, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

**D.**     **Response to Inmate Appeal**

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient.  *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Thus, Plaintiff may not pursue a claim against Defendant Smith or any other defendant based on the response to his inmate appeal.

///

///

3

1

### E.      Separate Complaint Dated January 6, 2013

2          Plaintiff's claims in this action arise from the cell search and CD player confiscation that

3   occurred on January 22, 2014.  However, Plaintiff's three page complaint is accompanied by 152

4   additional documents.  Buried toward the end of Plaintiff's 155 page filing are a separate federal

5   civil complaint form dated January 6, 2013, which sets forth claims arising from an incident of

6   physical force at Pleasant Valley State Prison on August 19, 2011, and an in forma pauperis

7   application also dated January 6, 2013.  (Comp., pp. 85-97.)  Further confusing matters is

8   Plaintiff's inclusion of a Fresno County Superior Court complaint filed on June 28, 2012, also

9   apparently raising claims based on the incident of physical force on August 19, 2011, at Pleasant

10  Valley State Prison.[2]  (*Id.*, p. 98.)

11         Plaintiff's intent behind including these documents with his complaint against Defendants

12  Whitley and Smith is unclear, but the documents do not relate to this action and given that the

13  federal civil complaint form was dated two years before the complaint form in this case, the Court

14  declines to speculate on Plaintiff reason for including them.  However, the complaint is not related

15  to the claims in this action, and this action is confined to the cell search and property confiscation

16  that occurred on January 22, 2014.  Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th

17  Cir. 2007).  Because of potential statute of limitations concerns, the Court will permit Plaintiff to

18  file a notice clarifying his intent.  Cal. Civ. Proc. Code §§ 335.1, 352.1; *McDonald v. Antelope*

19  *Valley Community College Dist.*, 45 Cal.4th 88, 101-03 (Cal. 2008).  If he intended to file a

20  second civil rights suit concurrently with this suit, the Court will direct the Clerk's Office to open

21  another action based on the complaint alleging use of physical force against him on August 19,

22  2011.  This will result in the assessment of an additional filing fee, and Plaintiff is cautioned that **if**

23  he litigated those claims in state court and there was a final judgment on the merits, he is **barred**

24  from relitigating those claims in federal court.  *Gonzales v. California Dep't of Corrs. & Rehab.*,

25  739 F.3d 1226, 1230 (9th Cir. 2014).  **If Plaintiff fails to file a notice clarifying his intent, his**

26  **exhibits that do not relate to the claims in this action will be disregarded.**

27  ///

28
_____
[2] Case number 12CECG02098.

4

### III.     Conclusion

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983.  The deficiencies in his claims arising from an illegal cell search, an illegal property confiscation, and an unsatisfactory inmate appeal response are *not* capable of being cured through amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Therefore, the Court recommends that this action be dismissed, with prejudice, for failure to state a claim.

Given the confusion surrounding Plaintiff's intent in including an unrelated federal civil complaint with his exhibits and the potential for a statute of limitations issues, the Court will permit Plaintiff to file a notice clarifying whether he intended to bring a separate action arising from the incident of physical force at Pleasant Valley State Prison in August 2011.  If Plaintiff fails to do so, his unrelated exhibits will be disregarded.

Accordingly, the Court hereby ORDERS Plaintiff to file a notice within **thirty (30) days** from the date of service of this order addressing whether he intended to file a separate action against Defendants Mendez, Martinez, Ramos, and Davi arising out of the use of force on August 19, 2011.  The Court further RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __November 29, 2015__                        _____ **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28